**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CENTRAL TRANSPORT INTERNATIONAL,
INC.,

       Plaintiff,                                Case No. 04-72935

v.                                         Hon. Gerald E. Rosen

SCHUETZ CONTAINER SYSTEMS, INC.,

       Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART**
**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      March 29, 2007     

PRESENT:  Honorable Gerald E. Rosen
                     United States District Judge

## I.  INTRODUCTION

In the present suit, Plaintiff Central Transport International, Inc. seeks to recover over $94,000 for freight transport services that it allegedly provided to Defendant Schuetz Container Systems, Inc. between May of 2002 and November of 2003.  In light of Defendant's purported refusal to pay for these services, Plaintiff has asserted claims of account stated, breach of contract, and quantum meruit.  This Court's subject matter jurisdiction rests upon the parties' diverse citizenship.  See 28 U.S.C. § 1332(a).[1]

_____

[1]In its complaint, Plaintiff alleges that this case also lies within the Court's federal question jurisdiction.  Yet, the federal statute cited in support of this proposition, 49 U.S.C. §

Presently before the Court is Defendant's motion for partial summary judgment. In support of this motion, Defendant argues that most of the charges that Plaintiff has identified as past due can no longer be recovered, as they are barred either by a 12-month contractual period of limitation or an 18-month statutory period of limitation. In response, Plaintiff contends that because Defendant is neither a party to nor a third-party beneficiary of the contract containing the 12-month limitation period, it cannot take advantage of this contractual provision. Plaintiff further asserts that the 18-month statutory period of limitation cited by Defendant would, at most, limit its recovery under a breach-of-contract theory, but would not operate to preempt or otherwise defeat Plaintiff's claim of quantum meruit.

Having reviewed the parties' briefs, the accompanying exhibits, and the remainder of the record, the Court finds that the relevant facts and legal arguments are adequately presented in the parties' written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendant's motion "on the briefs." See Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. This opinion and order sets forth the Court's rulings on this motion.

## II. FACTUAL BACKGROUND

Plaintiff Central Transport International, Inc., based in Warren, Michigan, provides

---

14704(d), has no evident relation to the causes of action actually asserted in Plaintiff's complaint. In addition, the case law indicates that the claims advanced in this case are governed by state rather than federal law. See, e.g., Central Transport Int'l v. Sterling Seating, Inc., 356 F. Supp.2d 786 (E.D. Mich. 2005).

motor carrier and freight transport services in both intrastate and interstate commerce.

According to Plaintiff's complaint, Defendant Schuetz Container Systems, Inc. entered

into a contract with Plaintiff on or before May 20, 2002, under which Plaintiff agreed to

provide motor carrier and freight transport services to Defendant.  Plaintiff alleges that

these services, spanning from May 20, 2002 through November 20, 2003, were provided

"upon open account," (Complaint at ¶ 8), but that Defendant has refused repeated

requests to bring its account current.  According to Plaintiff, these overdue amounts total

$94,030.01.

        Unfortunately, Plaintiff's complaint is not accompanied by the alleged contract

between the parties, nor does it otherwise specify the terms of any such agreement.  In its

present motion, however, Defendant asserts — and Plaintiff evidently acknowledges —

that Plaintiff provided the motor carrier services at issue here under a contract with a third

party, USF Logistics Services Inc. ("USF").  Under this agreement, USF served as a

broker of transportation services to be provided by Plaintiff, with USF identifying

customers of these services and acting on behalf of these customers "for the provisioning

of logistics consulting services, the selection of motor carriers and receiving, processing

and paying the freight bills submitted by [Plaintiff] for the transportation and related

services rendered to USF's customers by [Plaintiff] pursuant to this Agreement."

(Defendant's Motion, Ex. A, USF Agreement, § 1.)  Defendant was one such customer,

with USF acting as its broker and serving as an intermediary between Defendant and the

Plaintiff carrier with respect to the transportation services at issue here.

3

Several provisions of the contract between Plaintiff and USF appear to be relevant to the issues before this Court.  First, this agreement called for Plaintiff to issue invoices to USF, rather than it customers, in order to secure payment for the transportation services it provided:

> Unless otherwise designated by USF in the Schedules, attached hereto and made a part hereof, [Plaintiff] shall submit to USF invoices for services performed under this Agreement within fifteen (15) days from the date of delivery of a shipment . . . .  In making payment to [Plaintiff], USF may withhold payment from [Plaintiff] unless all documents showing the damage and loss free completed performance of any particular shipment are submitted to USF.  The parties agree that if USF submits payment and [Plaintiff] accepts such payment without providing written notice of objection to USF within sixty (60) days of receipt of payment, then the [Plaintiff] shall have waived its rights (a) to later assert the applicable rate or charge that should have been higher than the charge originally paid and (b) to attempt to collect any undercharges.  [Plaintiff] is prohibited from invoicing USF's customer, receiver, consignor or consignee for transportation charges for the shipment of any commodities.  If [Plaintiff] receives any payment from USF's customer, or any other party, [Plaintiff] shall immediately forward such payment to USF.  Payment of the transportation charges by USF shall relieve USF's customer, receiver, consignor or consignee of any liability to the [Plaintiff] for non-payment of any transportation charges or portion thereof.

(USF Agreement, § 3.)

Next, the agreement established a 12-month limit upon Plaintiff's opportunity to bring a suit to recover amounts allegedly owed by USF:

> Any action at law or in equity (including, but not limited to bankruptcy) by [Plaintiff] to receive transportation charges alleged to be due by USF under this Agreement, shall be commenced not more than twelve (12) months after the receipt by [Plaintiff] of the shipment with respect to which such charges are claimed.  As a condition precedent to any such action, [Plaintiff] shall have fully complied with the billing requirements set forth in Section 3.  To the extent permitted by law, the

4

expiration of the twelve (12) month period shall be a complete and absolute
defense to any such action, without regard to any mitigating or extenuating
circumstance or excuse whatsoever.

(Id., § 20.)

Finally, in a section entitled "Third Party Beneficiary," the contract includes the

following, rather bewildering language:

This Agreement shall not provide any person not a party, assignee or
successor to this Agreement, with any remedy, claim, liability,
reimbursement, claim of action or other right in excess of those existing
without reference to this Agreement.  Notwithstanding the foregoing, the
parties agree that notice is effective upon receipt by the addressee.  The
address to which any such notice, demand, request USF's shipper customers
are intended third party beneficiaries of this Agreement entitled to the
benefits of [Plaintiff's] obligations of performance.

(Id., § 18.)  This provision presumably was the victim of an unfortunate episode of cutting

and pasting, as its middle portion includes language that has no evident bearing upon the

subject of third party beneficiaries.[2]

It is not clear whether, or to what extent, Plaintiff pursued collection efforts against

USF before commencing this suit and seeking to recover over $94,000 in allegedly

overdue charges from Defendant.  Without any citation whatsoever to any evidence in the

record, Plaintiff states in its response to Defendant's motion (i) that  Defendant made

_____

[2]Apart from the above-quoted provisions, the contract also provides that it "shall be
governed and construed in accordance with the laws of the State of Illinois, unless superseded
specifically by applicable federal laws and regulations."  (Id., § 22.)  This choice of law
evidently reflects the location of USF's principal place of business in Long Grove, Illinois.  In
their briefs filed with this Court, however, the parties wholly ignore this provision, and instead
cite exclusively to Michigan law as purportedly governing the state-law claims and defenses at
issue here.

5

either no payment or only partial payment on certain invoices, (ii) that Plaintiff "worked diligently" with USF and Defendant "right up to the filing of this lawsuit in an effort to get Defendant to pay off its account balance," and (iii) that "[t]his lawsuit became necessary because Defendant instructed its paying agent, USF . . . , not to pay [Plaintiff] for the services it provided."  (Plaintiff's Response Br. at 1.)  In light of this non-payment, Plaintiff has asserted state-law claims of account stated, breach of contract, and quantum meruit.

### III.  ANALYSIS

### A.    The Standards Governing Defendant's Motion

Through the present motion, Defendant seeks an award of partial summary judgment in its favor on Plaintiff's claims for recovery of allegedly unpaid transportation charges.  Under the pertinent Federal Rule, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

In their briefs submitted in support of and opposition to Defendant's motion, the parties largely agree on the underlying facts bearing upon this motion, and disagree only as to the legal question whether Plaintiff's recovery is limited by a 12-month contractual or 18-month statutory period of limitation.  Accordingly, this matter is amenable to resolution as a matter of law, and the Court turns to this inquiry.

### B.    To the Extent that Plaintiff Seeks to Recover Under Its Contract with USF, It

6

**Necessarily Is Bound by the Contract's 12-Month Limitation Period.**

Through the present motion, Defendant seeks a determination as a matter of law that Plaintiff's recovery in this case is limited to the unpaid transportation charges that became due within either 12 months or 18 months prior to the commencement of this action. In support of its appeal to a 12-month limitation period, Defendant cites the provision in Plaintiff's contract with USF that requires Plaintiff to bring a suit "to receive transportation charges alleged to be due by USF . . . not more than twelve (12) months after the receipt by [Plaintiff] of the shipment with respect to which such charges are claimed." (USF Agreement, § 20.) As the complaint in this case was filed on August 3, 2004, Defendant argues that Plaintiff cannot recover any charges arising from shipments received by Plaintiff prior to August 3, 2003.[3] The Court agrees, albeit with one caveat as discussed below.

As a threshold issue, the parties debate whether Defendant may properly be viewed as a third-party beneficiary under the contract between Plaintiff and USF. The resolution of this issue is considerably complicated by the contract's "Third Party Beneficiary" provision, which, as noted earlier, is anything but clear in its language. On one hand, Defendant points to the latter portion of the last sentence of this provision, which unequivocally states that "USF's shipper customers are intended third party beneficiaries of this Agreement entitled to the benefits of [Plaintiff's] obligations of

_____

[3]According to Defendant, the application of this 12-month period of limitation would restrict Plaintiff's potential recovery to only $1,881.51.

7

performance." (USF Agreement, § 18.) Plaintiff, on the other hand, observes that this language is merely the last part of a provision which, read as a whole, simply makes no sense and plainly was the result of some sort of scrivener's error. Indeed, the fragment quoted by Defendant appears at the end of a sentence that reads in full: "The address to which any such notice, demand, request USF's shipper customers are intended third party beneficiaries of this Agreement entitled to the benefits of [Plaintiff's] obligations of performance." (Id.) It would be difficult, to say the least, for this Court to determine as a matter of law what the parties meant to convey through this nonsensical passage, and neither Plaintiff nor Defendant has pointed to any extrinsic evidence that would resolve this uncertainty.

Fortunately, the Court sees no need to decide at this juncture whether Defendant enjoys the status of a third-party beneficiary under Plaintiff's contract with USF. Although neither party recognizes the point, this Court deems it significant that ***Plaintiff,*** and not ***Defendant,*** seeks to recover under the USF agreement. If the opposite were true, Defendant plainly would have to establish its entitlement to sue for the breach of a contract to which it was not a party, and third-party beneficiary status presumably would satisfy this prerequisite. Yet, because Defendant is not suing under the USF contract, but instead is being sued, its status as a third-party beneficiary seemingly is wholly immaterial here.

Rather, all that matters here, in the Court's view, is that Plaintiff has asserted a breach-of-contract claim against Defendant that is predicated on an alleged breach of the

8

USF agreement.  In particular, Plaintiff has alleged that Defendant breached a "contract between the Parties" by failing to pay for certain transportation services provided "[p]ursuant to" this contract, (Complaint at ¶ 8), and Defendant states without contradiction that all of the carrier services at issue in this case were governed by, and provided pursuant to, the contract between Plaintiff and USF.  Consequently, to the extent that Plaintiff seeks to recover under a breach-of-contract theory, its claims for such a recovery necessarily must comport with the terms of the pertinent contract — namely, the USF agreement.

This being so, the Court fails to see how Plaintiff can avoid the obligations, conditions, and limitations that this contract imposes.  This includes, of course, the contractual requirement, specifically directed at ***Plaintiff alone,*** that "[a]ny action at law or in equity . . . by [Plaintiff] to receive transportation charges alleged to be due by USF under this Agreement, shall be commenced not more than twelve (12) months after the receipt by [Plaintiff] of the shipment with respect to which such charges are claimed." (USF Agreement, § 20.)  This provision could not be any clearer in imposing ***upon Plaintiff*** a limitation that suit must be brought within 12 months to collect unpaid transportation charges.  Plaintiff has not identified any legal doctrine, nor is the Court aware of any, under which a party such as Defendant may be subject to liability for allegedly breaching a contract, yet not be entitled to interpose the defenses set forth in this very same contract.  Plaintiff cannot have it both ways — if it seeks to recover under the USF agreement, it surely must be bound by the terms of this contract regarding the

9

commencement of suits to recover unpaid transportation charges.[4]

For similar reasons, the Court cannot accept Plaintiff's contention that the 12-month period of limitation set forth in the USF agreement is preempted by a provision in the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 13101 *et seq.* In particular, Plaintiff cites the following provision governing contracts between carriers and shippers:

> A carrier providing transportation or service [in interstate commerce] may enter into a contract with a shipper . . . to provide specified services under specified rates and conditions. If the shipper and carrier, in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract, the transportation provided under the contract shall not be subject to the waived rights and remedies and may not be subsequently challenged on the ground that it violates the waived rights and remedies . . . .

49 U.S.C. § 14101(b)(1). Because this provision permits the waiver of rights only if expressly stated in a written agreement between a carrier and a shipper, and because, in Plaintiff's view, there is no evidence of such a written agreement between it and Defendant, Plaintiff contends that the 12-month limitation period set forth in the USF agreement — an agreement to which, Plaintiff again reminds the Court, Defendant is not a party — cannot constitute an effective waiver of the 18-month statute of limitations

---

[4]The inherent contradiction in Plaintiff's position on this point is starkly illustrated in its statement in its response to Defendant's motion that its "claims against Defendant cannot be barred by a contract to which Defendant is not a party." (Plaintiff's Response Br. at 2.) If this were true, it surely would follow that Plaintiff's right to ***recover*** from Defendant cannot rest upon a contract to which Defendant is not a party. Yet, Plaintiff has failed to identify any other contract, apart from the USF agreement, under which it might have a right to collect unpaid charges from Defendant.

10

established elsewhere in the ICCTA, <u>see</u> 49 U.S.C. § 14705(a).[5]

Once again, however, Plaintiff's position suffers from a fatal inconsistency.  The provision cited by Plaintiff, § 14101(b)(1), merely specifies the standard for waiver of rights ***in the event that*** a carrier and shipper elect to enter into a contract "to provide specified services under specified rates and conditions."  Having decided to enter into a written contract setting forth the terms and conditions of their relationship, a carrier and shipper must satisfy the statutory standard — *i.e.,* an express written statement — in order to waive any right or remedy that might otherwise be available to these contracting parties under the federal statutory scheme.  Clearly, then, Plaintiff cannot appeal to the USF agreement as ***triggering*** the application of § 14101(b)(1) — and, specifically, its written waiver requirement — without also acknowledging that this same contract ***satisfies*** the statutory requirement of a written waiver, by virtue of its express provision establishing a 12-month period of limitation.  Simply stated, if the USF contract is to have any legal significance in this case, then ***all*** of its provisions must be given effect, including its express requirement that a suit to collect unpaid transportation charges must be brought within 12 months.  Accordingly, the Court finds that Plaintiff's recovery under its breach-of-contract claim is limited to those charges arising from shipments received by Plaintiff on or after August 3, 2003.

Defendant urges the Court to go still further, however.  Specifically, in an offhand

---

[5]This 18-month statutory limitation period is discussed below.

assertion relegated to a footnote, Defendant contends that Plaintiff is altogether barred under *any* legal theory, whether breach of contract or otherwise, from recovering any transportation charges that became due more than a year before this suit was filed.  In support of this contention, Defendant cites the well-established principle that a recovery under a contract generally precludes any recovery under a theory of quantum meruit.  See Murray v. ABT Associates, Inc., 18 F.3d 1376, 1379 (7th Cir. 1994) (applying Illinois law); H.J. Tucker & Associates, Inc. v. Allied Chucker & Engineering Co., 235 Mich. App. 550, 595 N.W.2d 176, 188 (1999) (recognizing the same principle under Michigan law).[6]  Accordingly, Defendant reasons that Plaintiff's claim for recovery under the USF agreement, with its attendant 12-month period of limitation, defeats any attempt to recover under a theory of quantum meruit.

Defendant's argument, however, overlooks the distinction between *pleading* a breach of contract claim and actually *establishing* that the parties' relationship was governed by a contract.  The courts routinely allow parties to plead claims of breach of contract and quantum meruit in the alternative.  See, e.g., Concord Industries, Inc. v. Harvel Industries Corp., 462 N.E.2d 1252, 1255 (Ill. App. Ct. 1984); H.J. Tucker, 595 N.W.2d at 188.  If it could be definitively said in this case that the parties' relationship was governed by an express contract, then Plaintiff's claim of quantum meruit would be

_____

[6]As noted earlier, the USF agreement calls for the application of Illinois law, but the parties cite exclusively to Michigan law in their briefs.  The pertinent law of the two states is identical, however.

subject to dismissal.  The only contract provided to the Court to date, however, is an agreement between Plaintiff and a non-party, USF.  While Plaintiff and Defendant alike seemingly assume, without discussion, that their relationship is governed (to some extent, at least) by the USF agreement, the Court is unwilling to rule, under the present record, that this agreement defines all of the relevant terms and conditions of the parties' relationship, such that an implied or quasi-contract claim is precluded as a matter of law. Rather, such a determination must await further consideration of an issue that the parties have studiously avoided to date — namely, whether (and to what extent) the USF agreement defines or otherwise affects the relationship between Plaintiff and Defendant and the obligations owed by these parties.

**C.    An 18-Month Federal Statute of Limitations Bars Plaintiff from Pursuing Any Theory of Recovery to Collect Charges that Became Due Outside This Statutory Period.**

Apart from appealing to the 12-month period of limitation set forth in the USF agreement, Defendant also contends that Plaintiff's claims are barred to the extent that they fall outside an 18-month period of limitation found in the federal ICCTA.  The Court agrees that this federal statutory provision, 49 U.S.C. § 14705(a), precludes any recovery of transportation charges that became due more than 18 months before this suit was filed, without regard to the precise legal theory under which Plaintiff seeks to proceed.

The federal statutory provision in question states as follows:

> A carrier providing transportation or service [in interstate commerce] must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues.

13

49 U.S.C. § 14705(a).  This statute further specifies that a claim accrues "on delivery or tender of delivery by the carrier." 49 U.S.C. § 14705(g).  Under the plain language of this statute, then, Plaintiff was required to bring any suit to recover unpaid charges within 18 months after delivery of the shipment giving rise to the charges.

Plaintiff makes no effort to avoid the application of this statute to its breach-of-contract claim.[7]  Rather, Plaintiff apparently maintains only that this statute should not bar or limit its recovery under a theory of quantum meruit.  Yet, the statute, by its terms, requires that "a civil action" must be brought within 18 months after a claim accrues, without regard for the theory or theories of recovery that might be advanced in such an action.  See Emmert Industrial Corp. v. Artisan Associates, Inc., No. 03-782, 2005 WL 913129, at *3-*5 (D. Or. Apr. 20, 2005) (finding that § 14705(a) barred the plaintiff's claims of breach of contract and quantum meruit).

This reading of the statute, moreover, is wholly consistent with the provision discussed earlier, § 14101, which merely permits, but does not require, carriers and shippers to enter into contracts governing the terms and conditions of their relationship.  Regardless of whether they choose to do so, and regardless of the effect of this decision upon the theories of recovery that might be available in any ensuing lawsuit, § 14705(a) explicitly requires that any such action must be brought within 18 months after a claim for

---

[7]Indeed, as Defendant points out in its reply brief, Plaintiff has not even addressed Defendant's appeal to the 18-month statute of limitations.  Instead, Plaintiff has devoted the latter portion of its response brief to the rebuttal of a federal-preemption argument that Defendant did not advance in its motion.

unpaid charges accrues.  Consequently, Plaintiff may not recover, under any theory, any charges arising from shipments delivered prior to February 3, 2003.[8]

_____

[8]Defendant states in its motion that just over $21,000 of the charges sought by Plaintiff in this case are attributable to shipments delivered after February 3, 2003.  In light of the Court's earlier rulings in this opinion, of course, only a small portion of this overall amount — roughly $1,900, according to Defendant — is recoverable under a breach-of-contract theory, but Plaintiff may continue to seek the recovery of this full amount under a theory of quantum meruit.

15

## IV.  <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for

summary judgment is GRANTED IN PART, in accordance with the rulings in this

opinion and order.


<u>s/Gerald E. Rosen</u>
Gerald E. Rosen
United States District Judge

Dated:  March 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record
on March 29, 2007, by electronic and/or ordinary mail.

<u>s/LaShawn R. Saulsberry</u>
Case Manager

16